000UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM LAMBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6437** |
| **OCEAN STAR NAVIGATION, ET AL.** | **SECTION B(3)** |

### ORDER AND REASONS

Before the Court is Defendants Ocean Star Navigation Company, Ltd., Sea Star Chartering, Ltd., and North of England P & I Association, Ltd.'s Motion For Summary Judgment (Rec. Doc. No. 17). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **DENIED.**

### *BACKGROUND*

On or about November 1, 2004, Plaintiff allegedly sustained severe injuries to his knee, leg and back while attempting to disembark the M/V GOLDENEYE. The M/V GOLDENEYE was owned, operated, and controlled by Defendants Ocean Star Navigation Company, Ltd., Sea Star Chartering, Ltd., and North England P & I Association, Ltd.. Plaintiff was employed as a stevedore foreman at ADM's Reserve, Louisiana facility. One of Plaintiff's duties as a foreman was to assess various vessel gangways to determine whether the gangways were safe for use.

On November 1, 2004, following the loading of the M/V

GOLDENEYE, Plaintiff completed required paperwork while aboard the vessel.  Upon completion, Plaintiff proceeded from the captain's quarters towards the gangway to exit the vessel.  However, the M/V GOLDENEYE crew raised and secured the gangway for departure. Plaintiff requested a gangway to exit the vessel.  Initially, Plaintiff requested a portable gangway but was denied access. Ultimately, the M/V GOLDENEYE crew lowered the gangway. Plaintiff's path down the gangway was blocked by its motor support. Plaintiff sidestepped the motor support and stepped on a plate running parallel to the bottom of the gangway.  When Plaintiff stepped onto the plate, the plate broke and Plaintiff's leg fell through the surface.

Plaintiff filed this action pursuant to 46 U.S.C. 905(b) and asserted claims of negligence for Defendants' alleged failure to: (1)provide a safe and secure method of egress from the M/V GOLDENEYE; (2) provide a seaworthy vessel; and (3) exercise reasonable care.

Defendants contend Plaintiff's injuries are solely attributable to Plaintiff's own carelessness, as such, Defendants are not liable.  Defendants claim they are entitled to summary judgment and move the Court to dismiss Plaintiff's claims with prejudice.

### *DISCUSSION*

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

After review of the pleadings, depositions, and applicable law,

The Court finds genuine issues of material fact exist as to (1) whether Plaintiff possessed knowledge of the extent of the obstruction before proceeding down the gangway; (2) whether Plaintiff's alternative was unduly impracticable or time consuming;

(3) whether the gangway was placed in the same position it was when Plaintiff boarded the M/V GOLDENEYE; (4) whether the M/V GOLDENEYE crew was aware of the obstruction, the extent of the obstruction, and Plaintiff's intent to sidestep the obstruction; (5) whether the gangway was in poor condition; and (6) whether the gangway was under the active control of the vessel.  However, the Court notes that serious comparative fault questions remain for determination on the merits, especially regarding Plaintiff's supervisory functions, knowledge about the gangway obstruction at issue, and conduct of all parties in that regard.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.**

New Orleans, Louisiana this 25th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE

4